T.C. Memo. 2014-71

UNITED STATES TAX COURT

MARK A. VAN VELZOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4236-12.                    Filed April 28, 2014.

<u>Steven L. Powell</u>, for petitioner.

<u>Karen L. Baker</u> and <u>Gordon P. Sanz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined deficiencies in petitioner's income

tax for 2007, 2008, and 2009.  After concessions,[1] the sole issue for decision is

_____

[1]At trial respondent conceded that petitioner did not fail to report a State tax refund for 2007.  Petitioner conceded all remaining items in the notice of deficiency except for disallowance of his $24,584 contract labor expense deduction for 2007.  Although we did not expressly address the sec. 6662(a)

(continued...)

[*2] whether petitioner is entitled to a $24,584 contract labor expense deduction for 2007. We hold that he is not.

## FINDINGS OF FACT

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Texas when he filed his petition.

Petitioner is a mechanical engineer who sought to expand his business into Central America and South America. On his 2007 Schedule C, Profit or Loss From Business, petitioner claimed a $24,584 contract labor expense deduction. Respondent issued a notice of deficiency in 2011 in which he disallowed that deduction.[2]

Petitioner timely petitioned this Court.

## OPINION

Generally, taxpayers bear the burden of proving, by a preponderance of the evidence, that the determinations of the Commissioner in a notice of deficiency are

---

[1](...continued)
penalties at trial, the parties have not contested the applicability of the penalties. Thus, we are convinced that the penalties are not at issue.

[2]Apparently, respondent erroneously listed the amount as an expense for "commissions and fees" in the notice of deficiency.

**[\*3]** incorrect. Rule 142(a)(1);[3] <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Deductions are a matter of legislative grace, and a taxpayer bears the burden of

proving entitlement to any claimed deductions. Rule 142(a)(1); <u>INDOPCO, Inc. v.

Commissioner</u>, 503 U.S. 79, 84 (1992). To satisfy this burden, taxpayers must

present sufficient records to substantiate their deductions. <u>See</u> sec. 6001;

<u>Hradesky v. Commissioner</u>, 65 T.C. 87, 90 (1975), <u>aff'd</u>, 540 F.2d 821 (5th Cir.

1976); sec. 1.6001-1, Income Tax Regs. Section 162(a) provides a deduction for

certain ordinary and necessary business expenses.

Petitioner asserts he paid $25,000 of contract labor expenses in 2007 to a

consultant from El Salvador, Dina E. Fernandez Sanchez. He testified that he paid

Sanchez entirely in cash, explaining that she would not take checks because El

Salvador is a cash society. At trial petitioner asserted that he made the cash

disbursements from funds he borrowed from family and friends and cash he kept

in a lockbox in his attic. Petitioner's method of making payments with only

untraceable cash disbursements strains credulity, especially in the light of the fact

that the record shows he maintained a bank account. Petitioner's testimony is not

credible.

---

[3]All section references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules of Practice and
Procedure, unless otherwise indicated.

**[*4]** Petitioner contends that he paid Sanchez in four quarterly payments documented by receipts Sanchez executed, but the receipts petitioner provided are unreliable hearsay.  We are not convinced that the receipts prove the payments were actually made.  We gave petitioner ample opportunity to provide an affidavit or other evidence from Sanchez to substantiate the payments, but he failed to provide any such substantiation.  Other than his own self-serving testimony and unreliable hearsay, petitioner failed to provide any evidence in support of his claimed deduction.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hradesky v. Commissioner, 65 T.C. at 90.  We therefore sustain respondent's disallowance of petitioner's contract labor expense deduction for 2007.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing and the parties' concessions,

Decision will be entered

under Rule 155.